SMITH, MAGRAM, BERENATO, MICHAUD
A Professional Corporation
415 High Street
P.O. Box 603
Burlington, New Jersey, 08016
(609) 386-2633
Attorneys for Plaintiff, Kyle Lantinga

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KYLE LANTINGA,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>STATE OF NEW JERSEY, VISIONQUEST<br>a/k/a VISIONQUEST NATIONAL, LTD<br>a/k/a VISIONQUEST OF NEW JERSEY<br>a/k/a VISIONQUEST OF PENNSYLVANIA,<br>JOHN DOES 1-10, fictitious persons,<br>RICHARD ROES 1-10, fictitious corporations,<br>the real names being unknown<br>jointly, severally and in the alternative,<br><br>　　　　　　　　Defendants. | CIVIL ACTION NO.:10-1514 (RBK/JS)<br><br>Civil Action<br><br><br><br><br><br><br><br><br><br>AMENDED COMPLAINT<br>JURY TRIAL DEMANDED |

### COMPLAINT AND JURY DEMAND

The Plaintiff, Kyle Lantinga, residing at 61 B Drakestown Road, in the township of Hackettstown, in the county of Warren, in the State of New Jersey, by way of Complaint against the Defendants says:

Upon information and belief, the Defendant, The State of New Jersey, is located at 2 Market Street, in the city of Trenton, in the County of Mercer, in the State of New Jersey.

Upon information and belief, the Defendant, VisionQuest, is a business entity and/or corporation, having its principal place of business at 108 Route 72, in the township of New Lisbon, in the county of Burlington County, in The State of New Jersey.

Upon information and belief, the Defendant, VisionQuest (a/k/a VisionQuest National, LTD, a/k/a VisionQuest of New Jersey, a/k/a VisionQuest of Pennsylvania) is a corporation having multiple locations

in the State of Arizona, Pennsylvania, New Jersey, North Carolina, Minnesota, New York, Indiana, and Arkansas. Defendant, VisionQuest having its principal place of business at 325 Marshallton-Thorndale Road, in the township of Downington, in The State of Pennsylvania.

JURISDICTION

Jurisdiction of this action is founded upon 28U.S.C. Section 1332. The Plaintiff is a citizen of The State of New Jersey and resides at 61 B Drakestown Road, in the township of Hackettstown, in the county of Warren, in the State of New Jersey. The Defendant, VisionQuest (a/k/a VisionQuest National, LTD, a/k/a VisionQuest of New Jersey, a/k/a VisionQuest of Pennsylvania) is a corporation located at 325 Marshallton-Thorndale Road, in the township of Downington, in The State of Pennsylvania. Defendant, VisionQuest, also having locations in multiple states referred in the Complaint, thereby establishes diversity of citizenship.

The United States District Court has jurisdiction due to diversity of citizenship and the fact that the amounting controversy exceeds the sum of $75,000.00.

FIRST COUNT

1. On or about June 24, 2004, Plaintiff, Kyle Lantinga, was placed into Defendant, VisionQuest's a/ka VisionQuest National, LTD., a/k/a VisionQuest of New Jersey, a/k/a VisionQuest of Pennsylvania ("VisionQuest") developmental youth program located at 108 Route 72, New Lisbon, New Jersey, by his mother.

2. On or about September 5, 2006, Plaintiff, Kyle Lantinga was removed from Defendant, VisionQuest's facility by his mother after having been under their direct control and supervision since June 24, 2004.

3. From June 24, 2004 through September 5, 2006 and at all relevant times, the aforementioned premises was owned, operated, leased, maintained and/or actively controlled by Defendants, State of New Jersey and/or VisionQuest.

4. At the time and place aforesaid, Defendant, VisionQuest was responsible for the supervision,

SMITH MAGRAM
BERENATO MICHAUD
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
114 HIGH STREET
P.O. BOX 603
BURLINGTON, NJ 08016-0603

containment and control of hundreds of youth residents.

5. At the time and place aforesaid, Defendant, VisionQuest employed adult supervisors/counselors who were responsible for the supervision, containment and control of the youth residents, including but not limited to Plaintiff, Kyle Lantinga.

6. At the time and place aforesaid, specifically from June 24, 2004 through September 5, 2006, Plaintiff was physically abused and assaulted, sexually abused and assaulted, verbally abused, battered, struck and/or otherwise touched by multiple employees of Defendant, VisionQuest, without permission, thereby causing personal injury to Plaintiff.

7. At the time and place aforesaid, Plaintiff was injured as a result of the negligence, gross negligence, recklessness and carelessness of Defendants, State of New Jersey and/or VisionQuest, their agents, servants and employees, said negligence, gross negligence, recklessness and carelessness including but not limited to the failure to warn, failure to warn of the violent and sexually mischievous history and/or propensity of employees and/or youth residents at Defendant, VisionQuest, grossly negligent and improper supervision, supervising and facilitating physical encounters and attacks between staff and students as well as students on students, containment and control of employees and youth residents, and other acts of negligence.

8. At the aforesaid time and place, the agents, servants and employees of Defendants, State of New Jersey and/or VisionQuest, were acting in their capacity as agents, servants and/or employees, and on the business of State of New Jersey and/or VisionQuest, so that the negligence, gross negligence, carelessness and recklessness of the agents, servants and employees may be imputed to the Defendants, State of New Jersey and/or VisionQuest.

9. As a direct and proximate result of the negligence, gross negligence, recklessness and carelessness as aforesaid, from June 24, 2004 through September 5, 2006, Plaintiff, Kyle Lantinga, was caused to sustain injuries.

10. At the time and place aforesaid and as a result of the foregoing, Plaintiff, Kyle Lantinga,

SMITH MAGRAM
SERENATO MICHAUD
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
415 HIGH STREET
P.O. BOX 603
BURLINGTON, NJ 08016-0603

sustained serious and diverse injuries to his body, giving rise to the need for extensive and expensive medical care and treatment, the need for which shall continue in the future, causing him great pain and suffering, disabling him from pursuing his usual work and labors, and losing income as a result, which disability shall likewise continue in the future, and permanently disable him.

WHEREFORE, the Plaintiff, Kyle Lantinga, demands Judgment against Defendants, State of New Jersey and/or VisionQuest, and or John Does1-10, and/or Richard Roes 1-10, jointly, severally and in the alternative, for damages, punitive damages, interest and costs of suit.

## SECOND COUNT

1. Plaintiff repeats, reiterates and incorporates by reference all of the allegations of the First Count of this Complaint.

2. From June 24, 2004 through September 5, 2006, and at all relevant times, the aforementioned premises was owned, operated, leased, maintained and/or actively controlled by Defendants, State of New Jersey and/or VisionQuest.

3. At the time and place aforesaid, Defendant, VisionQuest was responsible for the supervision, containment and control of hundreds of youth residents.

4. At the time and place aforesaid, Defendant, VisionQuest employed adult supervisors/counselors who were responsible for the supervision, containment and control of the youth residents, including but not limited to Plaintiff, Kyle Lantinga.

5. At the time and place aforesaid, specifically from June 24, 2004 through September 5, 2006, and including but not limited to August 28, 2006, Plaintiff was physically abused and assaulted, sexually abused and assaulted, verbally abused, battered, struck and/or otherwise touched by multiple youth residents under the supervision, containment and control of Defendant, VisionQuest, without permission, thereby causing personal injury to Plaintiff.

6. At the time and place aforesaid, Plaintiff was injured as a result of the negligence, gross negligence, recklessness and carelessness of Defendants, State of New Jersey and/or VisionQuest, their

SMITH MAGRAM
BERENATO MICHAUD
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
414 HIGH STREET
P.O. BOX 603
BURLINGTON, NJ 08016-0603

agents, servants and employees, said negligence, gross negligence, recklessness and carelessness including but not limited to the failure to warn, failure to warn of the violent and sexually mischievous history and/or propensity of employees and/or youth residents at Defendant, VisionQuest, grossly negligent and improper supervision, supervising and facilitating physical encounters and attacks between staff and students as well as students on students, containment and control of employees and youth residents, and other acts of negligence.

7. At the aforesaid time and place, the agents, servants and employees of Defendants, State of New Jersey and/or VisionQuest, were acting in their capacity as agents, servants and/or employees, and on the business of State of New Jersey and/or VisionQuest, so that the negligence, gross negligence, carelessness and recklessness of the agents, servants and employees may be imputed to the Defendants, State of New Jersey and/or VisionQuest.

8. As a direct and proximate result of the negligence, gross negligence, recklessness and carelessness as aforesaid, from June 24, 2004 through September 5, 2006, Plaintiff, Kyle Lantinga, was caused to sustain injuries.

9. At the time and place aforesaid and as a result of the foregoing, Plaintiff, Kyle Lantinga, sustained serious and diverse injuries to his body, giving rise to the need for extensive and expensive medical care and treatment, the need for which shall continue in the future, causing him great pain and suffering, disabling him from pursuing his usual work and labors, and losing income as a result, which disability shall likewise continue in the future, and permanently disable him.

WHEREFORE, the Plaintiff, Kyle Lantinga, demands Judgment against Defendants, State of New Jersey and/or VisionQuest, and or John Does 1-10, and/or Richard Roes 1-10, jointly, severally and in the alternative, for damages, punitive damages, interest and costs of suit.

### THIRD COUNT

1. Plaintiff repeats, reiterates and incorporates by reference all of the allegations of the First and Second Counts of this Complaint.

SMITH MAGRAM
BERENATO MICHAUD
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
413 HIGH STREET
P.O. BOX 603
BURLINGTON, NJ 08016-0603

2. From June 24, 2004 through September 5, 2006, and at all relevant times, the aforementioned premises was owned, operated, leased, maintained and/or actively controlled by Defendants, State of New Jersey and/or Vision Quest.

3. At the time and place aforesaid, Defendant, Vision Quest was responsible for the supervision, containment and control of hundreds of youth residents.

4. At the time and place aforesaid, Defendant, Vision Quest employed adult supervisors/counselors who were responsible for the supervision, containment and control of the youth residents, including but not limited to Plaintiff, Kyle Lantinga.

5. As part of this program, Defendant Vision Quest had a duty to exercise due care towards Plaintiff.

6. Defendant, Vision Quest knew or should have known, that the failure to exercise due care would cause the Plaintiff severe emotional distress.

7. As a proximate result of Defendant, Vision Quest's acts of abuse and omissions to curtail abuse between the students, the Plaintiff suffered severe emotional distress and mental suffering to his great detriment.

8. As a result of the foregoing, the Plaintiff, Kyle Lantinga, sustained serious and diverse injuries to his body, giving rise to the need for extensive and expensive medical care and treatment, the need for which shall continue in the future, causing him great pain and suffering, which shall likewise continue in the future, disabling him from pursuing his usual work and labors, and losing income as a result, which disability shall likewise continue in the future, and permanently disable him.

WHEREFORE, the Plaintiff, Kyle Lantinga, demands Judgment against Defendants, State of New Jersey and/or VisionQuest, and or John Does 1-10, and/or Richard Roes 1-10, jointly, severally and in the alternative, for damages, punitive damages, interest and costs of suit.

## FOURTH COUNT

1. Plaintiff repeats, reiterates and incorporates by reference all of the allegations of the First,

SMITH MAGRAM
BERENATO MICHAUD
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
417 HIGH STREET
P O BOX 501
BURLINGTON, NJ 08016-0501

Second, and Third Counts of this Complaint.

2. From June 24, 2004 through September 5, 2006, and at all relevant times, the aforementioned premises was owned, operated, leased, maintained and/or actively controlled by Defendants, State of New Jersey and/or Vision Quest.

3. At the time and place aforesaid, Defendant, Vision Quest was responsible for the supervision, containment and control of hundreds of youth residents.

4. At the time and place aforesaid, Defendant, Vision Quest employed adult supervisors/counselors who were responsible for the supervision, containment and control of the youth residents, including but not limited to Plaintiff, Kyle Lantinga.

5. Defendant and its employees acts of abuse and omissions to curtail abuse between the students toward Plaintiff, Kyle Lantinga was outrageous, intentional, and reckless.

6. The acts and omissions of Defendant, Vision Quest were done willfully, maliciously, outrageously, deliberately, and purposely with the intention to inflict emotion distress upon Plaintiff and/or were done in reckless disregard of the probability of causing Plaintiff emotional distress, and these acts did in fact result in severe and extreme emotional distress.

7. As a direct and proximate result of the Defendant's acts alleged herein, the Plaintiff was caused to incur severe and grievous mental and emotional suffering, fright, anguish, shock, nervousness, and anxiety. Plaintiff continues to be fearful, anxious, and nervous.

8. As a result of the foregoing, the Plaintiff, Kyle Lantinga, sustained serious and diverse injuries to his body, giving rise to the need for extensive and expensive medical care and treatment, the need for which shall continue in the future, causing him great pain and suffering, which shall likewise continue in the future, disabling him from pursuing his usual work and labors, and losing income as a result, which disability shall likewise continue in the future, and permanently disable him.

WHEREFORE, the Plaintiff, Kyle Lantinga, demands Judgment against Defendants, State of New Jersey and/or VisionQuest, and or John Does 1-10, and/or Richard Roes 1-10, jointly, severally and in the

SMITH MAGRAM
BERENATO MICHAUD
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
415 HIGH STREET
P.O. BOX 603
BURLINGTON, NJ 08016-0603

alternative, for damages, punitive damages, interest and costs of suit.

## FIFTH COUNT

1. Plaintiff repeats, reiterates and incorporates by reference all of the allegations of the First, Second, Third, and Fourth Counts of this Complaint.

2. From June 24, 2004 through September 5, 2006, and at all relevant times, the aforementioned premises was owned, operated, leased, maintained and/or actively controlled by Defendants, State of New Jersey and/or Vision Quest.

3. At the time and place aforesaid, Defendant, Vision Quest was responsible for the supervision, containment and control of hundreds of youth residents.

4. At the time and place aforesaid, Defendant, Vision Quest employed adult supervisors/counselors who were responsible for the supervision, containment and control of the youth residents, including but not limited to Plaintiff, Kyle Lantinga.

5. As part of this program, Defendant Vision Quest had a duty to exercise due care towards Plaintiff.

6. Defendant, Vision Quest created an environment of permitted physical abuse, mental abuse, sexual abuse, and otherwise corrupted minors.

7. As a result of the foregoing, the Plaintiff, Kyle Lantinga, sustained serious and diverse injuries to his body, giving rise to the need for extensive and expensive medical care and treatment, the need for which shall continue in the future, causing him great pain and suffering, which shall likewise continue in the future, disabling him from pursuing his usual work and labors, and losing income as a result, which disability shall likewise continue in the future, and permanently disable him.

WHEREFORE, the Plaintiff, Kyle Lantinga, demands Judgment against Defendants, State of New Jersey and/or VisionQuest, and or John Does 1-10, and/or Richard Roes 1-10, jointly, severally and in the alternative, for damages, punitive damages, interest and costs of suit.

SMITH MAGRAM
BERENATO MICHAUD
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
415 HIGH STREET
P.O. BOX 603
BURLINGTON, NJ 08016-0603

### SIXTH COUNT

1. Plaintiff repeats, reiterates and incorporates by reference all of the allegations of the First, Second, Third, Fourth, and Fifth Counts of this Complaint.

2. Although the Plaintiff believes that the incidents referred in this Complaint was caused by the negligence, gross negligence, recklessness, and carelessness of one or more of the named Defendants, the Plaintiff cannot be certain as to whether or not any other individuals or corporations may have caused or contributed to the happening of this accident. Therefore, the Plaintiff has named John Does 1-10, fictitious persons or corporations, as defendants in this action.

WHEREFORE, the Plaintiff, Kyle Lantinga, demands Judgment against Defendants, State of New Jersey and/or VisionQuest, and or John Does1-10, and/or Richard Roes 1-10, jointly, severally and in the alternative, for damages, punitive damages, interest and costs of suit.

### DEMAND FOR JURY TRIAL

PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL COUNTS AND ALL ISSUES RAISED BY THIS COMPLAINT.

### TRIAL COUNSEL DESIGNATION

Plaintiffs hereby designed Elizabeth D. Berenato as Trial Counsel in this matter.

### CERTIFICATION

I hereby certify that to my knowledge the matter in controversy is not the subject of any other action pending in any Court or of any pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated, nor are there any other necessary parties.

SMITH, MAGRAM, BERENATO, MICHAUD
A Professional Corporation

By: _____
ELIZABETH D. BERENATO, ESQ.
Attorney for Plaintiff

Date: May 4, 2010

SMITH MAGRAM
BERENATO MICHAUD
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
415 HIGH STREET
P O BOX 603
BURLINGTON, NJ 08016-0603